Judge Robertson
delivered the opinion of the Court.
Hawkins conveyed a tract of land to Yelton, with a general warranty, acknowledging the consideration of £86. Lamb acquired the title from Yelton. Metcalfe having succeeded in a suit on an adversary claim, against Lamb-, made an agreement With him and Yelton* that he should be permitted to prosecute a suit against Hawkins, on his warranty, in the name of Yelton, but for his Own benefit. And, thereupon, he conveyed to Lamb all his right to the land.
Accordingly, he brought an action of covenant* in the name of Yelton, against Hawkins, and obtained a judgment for the consideration acknowledged in the deed, and the legal- interest thereon.
To enjoin this judgment, Hawkins fiiéd his bill in chancery, in which he alleged that the judgment was obtained against him by an ex parte trial; that he had been diligent in preparing to defend the suit, and remained at court during the day of the trial, until late in the evening, and then left town only because there were seventeen causes on the docket, before his, and his counsel assured him that it was impossible for the court to reach his case that eVening, or try it, if reached; that the real consideration of his sale to *2 Yelton, was £43 only; and that £86, which was the penalty, was inserted in the deed through mistake,' and that Lamb and Metcalfe had compromised their suit for the land, before the trial of it, aud Lamb was not evicted, and could not have been, his being, as he averred, the best title.
On these allegations he prayed for and obtained an injunction, for one half of the judgment against him, and for a decree against Yelton and Metcalfe, for the other half, that having been collected by Metcalfe. The injunction was granted.
The allegations of the bill were denied by the answers.
It is satisfactorily proved, that the consideration paid by Yelton to Hawkins, was £43, and that £86 were inserted in the deed through mistake.
The court perpetuated the injunction and decreed against Yelton and Metcalfe, the amount which had been collected on the judgment.
The defendants below seek a reversal of this decree.
So much of the decree as perpetuates the injunction, is just and proper. The chancellor had the power to relieve against the mistake. Hawkins could not have resisted a judgment at law, for the amount of the consideration mentioned in the deed, because he would not have been able to prove the mistake, therefore, he could make no defence on this ground, at law. And, consequently, as he has clearly established the mistake, it was the duty of the chancellor to grant him relief, to the extent of the mistake. If he could have proved the mistake, on the trial at law, still, as he did not defend the suit, and rely on that ground, the chancellor will relieve him, as readily as if there had been fraud. But this is all that he ought to have done.
If there was no eviction, a recovery by Yelton, in the suit at law, might have been prevented. Whether there was a judgment of eviction, by a paramount title, was a fact exclusively cognizable by the common law judge. So was the fact of proper defence to the action, by Lamb.
Wickliffe, for plaintiffs; Triplett, fo.r defendants..
As, therefore, a judgment was obtained without fraud, chancery cannot revise or correct it, except so far as there was a mistake in the deed. The utmost that the chancellor could have done, was to have decreed a new trial at law, on the establishment of facts sufficient for that purpose. But the bill did not ask this; if it had, the allegations would not have justified such a decree; because it does not appear why the application could not have been made to the common law judge, nor that it was not made. And it is obvious that if it had been made to him, it would have been his duty to overrule it. The reason assigned for not defending at law, so far as a recovery was sought for the eviction, is entirely insufficient. It has been repeatedly decided, that the cause assigned in this case, will never justify a new trial. Therefore, as to the <£43 and its interest, which had been collected, the decree is erroneous. So far the defence, wa's ample at law, and was exclusively legal.
Wherefore, the decree is reversed and the cause remanded, with instructions to perpetuate the injunction and dismiss the bill, as to every thing else, giving costs to Hawkins, as he had a right to the injunction.
Each party must pay his own costs in this court.